By the Court.—Sedgwick, Ch. J.
The complaint asked that a lease given by the city, upon a sale of premises lor taxes, be declared to be a cloud upon the title of the *398 plaintiff to the premises, and be removed, and judgment accordingly was allowed.
The principal objection argued upon this appeal'is, that the lease and the proceedings to it are invalid upon their face, and therefore the lease is not a cloud upon the title. I am of opinion that the lease has such apparent and presumptive validity that the plaintiff is entitled to its removal, but in fact the pleadings raise no such question and place the sole defense of the defendant upon the validity of the lease. The answer admits that the mayor, &c., by virtue of the power in them vested by statute, duly executed a lease purporting to be a lease of the premises mentioned in the complaint, to one Goodrich, for value, and that the defendant is the holder and owner of the same for value, and that the premises were sold at public auction for the non-payment of certain taxes duly levied or assessed upon said premises, “ and said purchase and said holding are in good faith and for value.” The answer calls these averments admissions, but they constitute the defense, and the defendant cannot make a contrary defense that the lease was apparently invalid.
The other objection relates to matters subsequent to the execution of the lease. It is taken under the provisions of section 16 of chapter 381, Laws of 1871. That section declares that if the comptroller be satisfied by a prescribed kind of affidavit, that notice for redemption had been duly served, and the money for redemption shall not have been paid, ‘1 he shall under his hand and seal certify to the fact, and the conveyance shall thereupon become absolute, and the owner and all others interested in the lands and tenements, shall be barred of all right thereto during the term ” of the lease. In the present case, the comptroller signed the certificate but he did not seal it, and the judge below, so found. It is argued that therefore the lease was not a cloud because it was not absolute. The section does not avoid the lease, but it is valid excepting there remains a right of redemption. The statement shows that apparently there is a valid lease, but that the owner of the fee, that is *399 the plaintiff, has a right to redeem. She has a right to have removed the appearance of this right to redeem, as well as the lease, for that is derogatory to her title. The immediate right, is, to have removed this apparently valid, but really invalid lease.
Judgment affirmed, with costs.
Ingraham, J., concurred.